UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHN CURRY,

                Petitioner,   **MEMORANDUM & ORDER**

          v.   No. 22-CV-5325 (RPK)

PATRICK REARDON, *Superintendent of Marcy Correctional Facility*,

                Respondent.
---------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

Petitioner John Curry filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging he was illegally kept in the custody of the Department of Corrections and Community Supervision ("DOCCS") after the release date prescribed for his parole violation. Because petitioner has been released from custody, the petition is denied as moot.

## BACKGROUND

In 1988, petitioner was convicted in New York of first-degree intentional manslaughter, second-degree depraved-indifference murder, second-degree felony murder, and first-degree kidnapping. The charges stemmed from the kidnapping and death of the three-year-old child of a friend of petitioner. *See* State Court Record 112–13, 124 (Dkt. #14-3) ("SR"). Petitioner was sentenced to concurrent terms of twenty-five years to life in prison on each of the murder and kidnapping convictions, and eight and one-third to twenty-five years in prison on the manslaughter conviction. *See* SR 83.

Petitioner's convictions were affirmed by the Appellate Division, *see People v. Curry*, 551 N.Y.S.2d 58 (N.Y. App. Div. 1990), and the New York Court of Appeals denied leave to appeal, *see People v. Curry*, 555 N.E.2d 622 (N.Y. 1990).

1

In 2017, the New York State Parole Board granted petitioner's application for parole. *See* SR 132.

Under New York's Sexual Offender Registration Act ("SORA"), N.Y. Correct. Law § 168 *et seq.*, before an individual who qualifies as a sex offender is released on parole, a court must assign that individual a risk level, ranging from level one, meaning the "risk of repeat offense is low," to level three, meaning the "risk of repeat offense is high," *id*. § 168-n.  A person qualifies as a "sex offender" under New York law if, as relevant here, he has been "convicted of a 'kidnapping offense[], provided the victim of such kidnapping related offense is less than seventeen years old and the offender is not the parent of the victim.'" *People v. Brown*, __ N.E.3d __, 2023 WL 8039655, at *3 (N.Y. Nov. 21, 2023) (citing N.Y. Correct. Law § 168-a(1)-(2); N.Y. Penal Law §§ 135.05, 135.10, 135.20, 135.25).  SORA imposes more onerous registration and verification requirements on individuals who are assigned higher risk levels.  *See* N.Y. Correct. Law §§ 168-f, 168-h.  After a hearing, a state court judge designated petitioner a level-three sex offender.  SR 128.  Petitioner filed a notice of appeal from that designation decision with the Appellate Division, Second Department, but he has taken no action to perfect the appeal.  *See* McIver Decl. ¶ 5 (Dkt. #14-1).

Petitioner was released onto parole on December 29, 2017, but violated his parole conditions by failing to allow visits of his residence.  *See* SR 242.  On October 6, 2021, an administrative law judge imposed a six-month "time assessment" based on that violation.  *Ibid*.  Petitioner's tentative release date from custody was December 9, 2021.  *Ibid*.

Petitioner was held in state custody past December 9, 2021, however, because he had not given the DOCCS a proposed post-release residence that would be permissible under the New

2

York Sexual Assault Reform Act ("SARA"). *See* Pet., Ex. D at 16, 19–20 (Dkt. #1-2). [1] SARA prohibits individuals from living within 1,000 feet of a school if they were convicted of, among other crimes, first-degree kidnapping, if either (i) the "victim of such offense was under the age of eighteen at the time of such offense"; or (ii) the defendant is a level-three sex offender. *People v. Diack*, 26 N.E.3d 1151, 1156 (N.Y. 2015) (discussing N.Y. Exec. Law § 259-c(14) and N.Y. Penal Law § 220.00(14)); *see* Pet., Ex. D at 16, 19–20. While petitioner remained in DOCCS custody, DOCCS placed petitioner on a waiting list for SARA-compliant homeless shelters, and DOCCS staff worked to find SARA-compliant housing for petitioner. *See* Pet., Ex. D at 16, 19–20.

Petitioner filed several legal challenges to his continued custody past his tentative release date while he remained in DOCCS custody, including this petition. First, in January 2022, petitioner filed a state habeas corpus petition under New York Civil Practice Law and Rules article 70 in the Supreme Court of the State of New York, Oneida County, claiming that he was being unlawfully held past his release date. *See* SR 221–25. In May 2022, that court denied the petition, finding that petitioner was subject to SARA, and was lawfully detained until he could secure SARA-compliant housing. *See* SR 259–63.

Next, in February 2022, petitioner filed a C.P.L.R. article 78 petition in the Supreme Court, Albany County, claiming he was being held past his release date. *See* SR 270–74. In June 2022, that court dismissed the petition for lack of subject matter jurisdiction. *See* SR 321–24.

In addition, in May 2022, petitioner filed another C.P.L.R. article 78 petition, this time in the Supreme Court, Kings County. In January 2023, that court dismissed the petition, finding, among other things, that the statute of limitations for the petition had expired. *See* SR 421–22.

---

[1] All citations to the petition and its exhibits follow the paginations assigned by the Electronic Court Filing ("ECF") system.

3

Petitioner did not appeal any of these three state decisions. *See* Pet. 5; McIver Decl. ¶¶ 7, 9.

In August 2022, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He describes the ground for his petition as "[f]alse imprisonment, 4th, 8th & 14th Amendments." Pet. 5. More specifically, petitioner alleges that he is "being illegally detained past [his] release date." *Ibid.* Petitioner alleges that this continued custody was illegal because petitioner is not in fact a sex offender. *Ibid.* ("It's going on 15 months and I'm being labelled as a (SORA) sex offender. According to my sentencing minutes, I don't fall within the SORA guidelines but DOCCS continues to hold me."); *see id.* at 15–16 (similar). Petitioner identifies the judgment he is challenging as a judgment imposing the six-month sentence for violating his parole conditions. *Id.* at 1. As relief for the violations he alleges, petitioner requests "immediate release from state custody," "removal of SORA from petitioner's record," and "return to a shelter," *id*. at 18.

Within months of the petition's filing, petitioner was released from DOCCS custody and filed a change-of-address form noting a new address in the Bronx. *See* Notice of Change in Address (Dkt. #7).

Respondent then moved to dismiss the petition, principally arguing that petitioner's release rendered the petition moot. *See* Mot. to Dismiss (Dkt. #14).

## DISCUSSION

The petition for a writ of habeas corpus is denied as moot.

 "To satisfy the Constitution's case-or-controversy requirement, a party must, at each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020).

4

When a petitioner is incarcerated or on parole, a challenge to the validity of the petitioner's underlying conviction "always satisfies the case-or-controversy requirement," because his incarceration or parole sentence is an injury that could be redressed through a favorable decision. *Spencer v. Kemna*, 523 U.S. 1, 6 (1998).  However, once that term of incarceration ends, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id*. at 7.  And when a petitioner challenges a parole-revocation decision (as opposed to an underlying conviction), the petitioner's claim becomes moot once his sentence for the parole violation ends, unless the petitioner can show some continuing collateral consequence from the parole revocation he challenges. *Id.* at 14.

Petitioner's federal habeas petition is moot under these principles.  Framing his challenge as directed at his parole-revocation judgment, petitioner contends that he was illegally held in DOCCS custody after the end of his six-month "time assessment," until such time as he obtained SARA-compliant housing.  *See* Pet. 5, 15–16.  That extended detention was illegal, petitioner contends, because he was not in fact a sex offender and was therefore not required to obtain SARA-complaint housing.  *Ibid.*  That claim presented a justiciable controversy when petitioner was in DOCCS custody, because petitioner's incarceration "constitute[d] a concrete injury . . . redressable" through a decision finding that detention unlawful.  *Spencer*, 523 U.S. at 7.  But petitioner is no longer in DOCCS custody.  And the petition does not identify any ongoing collateral consequences from his extended detention on that parole violation that would be redressable by a decision in his favor.  Petitioner's challenge to the decision detaining him after his tentative release date therefore does not present a live controversy.

Petitioner's designation as a level-three sex offender, and the collateral consequences that flow from that designation, do not keep petitioner's habeas petition alive. Petitioner's level-three designation (and the attendant consequences) do not flow from the decision that petitioner is challenging—namely, the decision keeping him in custody after his parole revocation date. To be sure, officials who kept petitioner in custody after his release date cited petitioner's level-three sex offender status as one of the reasons why petitioner was required to obtain SARA-compliant housing before his release. *See* Pet., Ex. D at 16, 19–20.[2] But the level-three risk designation was the result of a separate proceeding, not the detention order (or parole-revocation decision) challenged in this habeas petition. Indeed, they are the product of a separate proceeding as to which any habeas challenge would be premature (to the extent cognizable on habeas at all), because petitioner's appeal of that sex-offender designation decision has yet to be perfected in state court. *See* McIver Decl. ¶ 5. Since any collateral consequences of petitioner's designation as a level-three sex offender do not flow from the detention order that petitioner is challenging in this habeas petition, those collateral consequences of his sex-offender status do not prevent petitioner's challenge to his detention past his tentative DOCCS release date from becoming moot.

---

[2] While petitioner's level-three designation is one reason why petitioner could not live within 1,000 feet of a school upon his release, petitioner would have been subject to the same obligation even if he had been assigned a lower risk level, because SARA forbids any person convicted of kidnapping a minor from living within 1,000 feet of a school. *See* N.Y. Exec. Law § 259-c(14); *Yunus v. Robinson*, No. 17-CV-5839 (AJN) (BCM), 2018 WL 3455408, at *4 (S.D.N.Y. June 29, 2018) (interpreting N.Y. Exec. Law § 259-c(14) as applying to "parolees convicted of certain offenses (including kidnapping) who are level three sex offenders, or whose victims were under the age of 18 (regardless of risk level)"), *report and recommendation adopted*, 2019 WL 168544 (S.D.N.Y. Jan. 11, 2019).

**CONCLUSION**

The petition for a writ of habeas corpus is denied as moot. Because petitioner has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is denied.

The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

> */s/ Rachel Kovner*
> RACHEL P. KOVNER
> United States District Judge

Dated: March 10, 2024
      Brooklyn, New York